IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE HAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-29E |
| | ) Judge McVerry |
| UNITED STATES, | ) Magistrate Judge Caiazza |
| | ) |
| Defendants | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Motion to Dismiss or for Summary Judgment filed by the United States (Doc. 14) be granted. It is further recommended that the Plaintiff's Motion to Join Additional Defendant (Doc. 22), and the Plaintiff's Motion to File an Amended Complaint (Doc. 24), be denied.

### II. REPORT

**A.  The Complaint**

Jackie Ham ("Ham" or "the Plaintiff") is a federal prisoner who alleges that he was subjected to medically negligent treatment with respect to his teeth while he was incarcerated. He has filed this Federal Tort Claims Act ("FTCA") action seeking compensation for his injuries.

Ham alleges that he was treated by Dr. Greer on May 16, 2006, and had a tooth removed (Doc. 3, ¶5). The extraction of the tooth, however, was not successful; Dr. Greer succeeded in

removing only one of the three roots. He also chipped an adjoining tooth during the procedure. (Doc. 3, ¶6). Ham was again seen by Dr. Greer on May 17, 2006, with complaints of pain and continued bleeding. During that visit his wound was packed with gauze (Doc. 3, ¶9).

Because of continued complaints, Ham was transported from the prison to the private office of a second dentist, Dr. Clark, on the afternoon of May 17, 2006. (Doc. 3, ¶¶ 10-11). Dr. Clark attempted to remove the remaining two roots that same day. Ham apparently experienced symptomatic relief, but the tooth which was chipped began to bother him in June, 2006. (Doc. 3, ¶12). Finally, on August 7, 2006, Ham was examined by Dr. Baker, a Bureau of Prisons Dental Officer. The following day, Dr. Baker removed the last root from the initial extraction, and also extracted the chipped tooth. (Doc. 3, ¶¶ 15-16).

Ham's Complaint is alleged in four Counts. In Counts One and Two, Ham alleges that Dr. Greer was negligent in failing to remove all of the roots from the initial extraction, and in damaging an otherwise healthy tooth. In Count Three, Ham alleges that Dr. Clark was negligent in failing to remove the roots remaining from the initial extraction. In Count Four, Ham alleges that Dr. Baker was negligent for failing to attempt to restore the tooth which had been damaged by Dr. Greer, rather than removing it entirely.

Attached to the Complaint is the malpractice claim filed by Ham with the Bureau of Prisons, as well as an amendment. The initial claim names Dr. Greer only, asserting that his negligence in failing to remove the roots of the first tooth, and in causing damage to a second tooth, resulted in harm to Ham for which he demanded $4,000,000 (Doc. 3, pp. 8-9). Also attached is a November 16, 2006 amendment filed by Ham in which he added the following statement to his claim:

> At the time that I filed my claim with your office, there were several facts related to my condition that I was not aware of. Not only were roots left by Dr. Greer. The Medical Department sent me to an "outside" dentist, Dr. Clark, to remove the roots left by Dr. Greer which were the cause of the excessive bleeding. Dr. Clark assured that he had removed all the remaining roots. Subsequently, in July when Dr. Baker examined me in preparation for what was supposed to be removal of tooth #4 (Baker refused to repare [sic] the tooth), the x-rays showed that a root remained from tooth #3. This required me to undergo a third oral surgery for removal a root which should have been removed with the initial extraction. **Not only should the root have been removed, but in the second procedure, Dr. Clark assured me that he removed all remaining roots.**

(Doc. 3, p. 10)(emphasis added).

The United States has filed a Motion to Dismiss or for Summary Judgment (Doc. 14). The Plaintiff has responded (Doc. 20) and the United States filed a Reply (Doc. 21). Ham has filed a Motion to Join Additional Defendant (Doc. 22), and a Motion to File an Amended Complaint (Doc. 24). The United States has responded to these Motions (Doc. 27) and all Motions are now ripe

3

for disposition.[1]

B. **Applicable Legal Principles**

The standard that a court applies with respect to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957), in which the court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46)). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

The United States moves in the alternative for summary judgment and has attached exhibits to its Motion. Ham's burden in

---

1. The Plaintiff sought an extension of time to file an additional response (Doc. 28) but the Court will deny that Motion. Any additional arguments which Ham wishes to make may be made in his objections to this Report.

4

response to a well-pleaded motion for summary judgment is to present "'. . . specific facts showing that there is a *genuine issue for trial.*' Fed.Rule Civ.Proc. 56(e)(emphasis added)" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

C. **Sovereign Immunity**

The United States moves to dismiss the first three Counts of the Complaint on the basis that the actions complained of in those counts are those of independent contractors, and not employees or agents of the United States. While the FTCA waives the United States' sovereign immunity for suits arising from any injury "caused by the negligent or wrongful act or omission [of any] of [its] employee[s] ... while acting within the scope of his office or employment," its definition of "employee" specifically excludes "any contractor with the United States." 28 U.S.C. §§ 1346(b)(1), 2671. The Supreme Court has interpreted this provision to expressly preclude the United States from being held liable for the negligence of its independent contractors. United States v. Orleans, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). See, also, Roditis v. United States, 122 F.3d 108, 111 (2d Cir.1997); Dyer v. United States, 96 F.Supp.2d 725, 732 (E.D.Tenn.2000). Since a claim against the

5

government for the negligence of its independent contractors "falls outside the FTCA's provisions, the claim is barred by the Government's sovereign immunity." Berghoff v. United States, 737 F.Supp. 199, 201 (S.D.N.Y.1989).

Indeed, the Plaintiff concedes that Drs. Greer and Clark were contractors, and not government employees. Consequently, he does not oppose the dismissal of Counts One, Two and Three, since the United States cannot be held liable for the negligence of an independent contractor (Doc. 20, p. 1).

D. **The Exhaustion of Administrative Remedies**

The United States also seeks to dismiss Count Four of the Complaint, which relates to the actions of government employee Dr. Baker, on the basis that administrative remedies were not exhausted with respect to this claim. Specifically, the United States argues that there is nothing in the administrative record which would have put it on notice that Ham was making a claim against Dr. Baker. The Plaintiff disagrees, and asserts that he alleged in his November, 2006 amendment to his administrative claim that Dr. Baker "refused to repair" his tooth.

The United States has waived sovereign immunity under the FTCA and consented to be sued under limited circumstances. See 28 U.S.C. § 1346(b); 28 U.S.C. § 2674. The FTCA governs claims against the United States for "money damages for injury or loss of personal property or personal injury or death caused by

negligent or wrongful act or omission of any employee of the government" - provided that employee was acting in the scope of his employment. 28 U.S.C. § 2675(a). A plaintiff, however, cannot institute an action for money damages unless that plaintiff has first exhausted administrative remedies by presenting the claim to the appropriate Federal agency, and having the claim finally denied by that agency. Id. When the United States does waive sovereign immunity, the terms of its waiver limit the court's jurisdiction. United States v. Mottaz, 76 U.S. 834, 841 (1986).

The United States has only consented to be sued for money damages under the FTCA upon exhaustion of the administrative remedies. 28 U.S.C. 1346(b); 28 U.S.C. § 2675(a). The court, therefore, does not have jurisdiction to hear a case unless the requirements of the statute have been satisfied: i.e., that the claim be presented to and finally denied by the appropriate federal agency. Id.

Here, Ham did file an administrative claim for damages with respect to the initial failed extraction of his tooth, as well as for the negligence of Dr. Clark in attempting, but failing, to remove the roots left in by Dr. Greer. The telling question, though, is whether Ham made a claim against Dr. Baker -a Bureau of Prisons Dental Officer- in the administrative proceeding.

In determining whether a particular administrative claim has been presented for purposes of the FTCA, it is Ham's burden to

show that his "administrative claim . . . narrate[d] facts from which a legally trained reader would infer" a claim against Dr. Baker with respect to his failure to attempt to repair the chipped tooth. Murrey v. United States, 73 F.3d 1448, 1452 (7th Cir. 1996). In Murrey the Court stated:

> Standard Form 95 resembles a civil complaint in not requiring a statement of legal theories, but differs in requiring a detailed statement of facts. It is in this respect more demanding, more 'formal' if you will, than the civil rules--a throwback, perhaps, to the era of 'fact pleading' that preceded the adoption of those rules. But as no statement of legal theories is required, only facts plus a demand for money, **the claim encompasses any cause of action fairly implicit in the facts**.(emphasis added).

See also Wooding v. U.S., 2007 WL 2071674 (W.D.Pa. July 13, 2007)(Ambrose, C.J.).

Here, even a liberal reading of the administrative complaint filed by Ham does not indicate to the legally sophisticated reader that Ham had any complaint concerning Dr. Baker's actions. In fact, it is apparent that Dr. Baker is mentioned only in the context of illustrating the negligence of Drs. Greer and Clark in failing to remove the roots either in the initial extraction, or during Dr. Clark's follow-up attempt to complete the extraction. Compare, Palay v. U.S., 349 F.3d 418 (7th Cir. 2003)(Federal pretrial detainee injured as result of gang altercation failed to present medical malpractice claim to BOP under FTCA; his Form 95 described injuries he sustained and physical effects suffered,

8

but he did not include facts from which legally sophisticated reader might have discerned that he received inadequate medical treatment.). That all being said, the Bureau of Prisons was not put on notice that Ham was asserting a claim against Dr. Baker for refusing to attempt to repair the chipped and infected tooth. Ham's Complaint before this court offers the first notice that Dr. Baker's actions were legally objectionable. Consequently, the United States is entitled to summary judgment with respect to Count Four of the Complaint as well.

**E. Ham's Motions for Joinder and to Amend.**

Ham also has filed a Motion seeking to add as a party to this lawsuit – Med-National, Inc., of Texas, the contractor who performs dental services at FCI-McKean (Doc. 22). Ham further seeks to amend his Complaint, offering to set out only two counts: Count One against the United States for failure to promulgate and/or comply with proper policy and/or to monitor medical providers to insure adequate dental care; and Count Two, a claim for negligence against Med-National, Inc. (Doc. 24).

The United States has responded to the Motions, and takes no position on the motion for joinder, except to note that any such claim could only be raised as a pendent state law claim in relation to an FTCA claim against the United States (Doc. 27). However, the United States asserts that the FTCA claim in the proposed amended complaint is flawed because the administrative

9

complaint filed by Ham does not set out any reference to a lack of proper policy on the part of the United States.

Whether to permit an amendment to a complaint lies within the sound discretion of the trial court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988). Specifically, leave to amend may be denied on the basis of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983).

A review of the administrative complaint filed by Ham shows that he alleged negligence on the part of Dr. Greer because he failed to remove all of the roots, and on the part of Dr. Clark because he failed to remove the roots the following day. There are no facts set out in the administrative complaint which fairly puts a "legally sophisticated reader" on notice that Ham was asserting a claim regarding the BOP's policy of supervision with respect to its dental provider. Hence, an amendment to Ham's Complaint would be futile because the purported claim against the United States is not fairly encompassed in the facts set out in his administrative claim.

The lack of any viable FTCA claim against the United States raises the issue of whether Ham should be permitted to amend his complaint to assert a pendent state law claims against a new defendant. After all of the claims with an independent basis of

federal jurisdiction have been dismissed, a District Court has discretion with respect to the exercise of jurisdiction over pendent state law claims. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Here, all of the Plaintiff's federal claims should be dismissed. Significantly, the dismissal has occurred at an early stage in the proceeding,[2] and the Court discerns no reason to exercise discretionary jurisdiction over the Plaintiff's pendent state law claims. See Seamon v. Algarin, 2007 WL 2404732 (E.D.Pa. 2007)(dismissing Section 1983 claims, and declining to exercise pendent jurisdiction over state law medical malpractice claims).[3]

### III CONCLUSION

On the basis of the foregoing, it is respectfully recommended that the Motion to Dismiss or for Summary Judgment filed by the United States (Doc. 14) be granted. It is further recommended that the Plaintiff's Motion to Join Additional Defendant (Doc. 22) be denied, and that the Plaintiff's Motion to File an Amended Complaint (Doc. 24) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for

---

2. Ham is apparently not constricted by time issues because the statute of limitations for medical malpractice actions in Pennsylvania is two years. 42 Pa. Cons. Stat. §5524(2).

3. The refusal to permit this claim to proceed here is without prejudice to the Plaintiff's right to bring suit in state court on his negligence claims.

Magistrates, objections to this Report and Recommendation are due by March 17, 2008.

February 28, 2008                    s/Francis X. Caiazza
                                     Francis X. Caiazza
                                     U.S. Magistrate Judge
cc:
JACKIE HAM, 05689-068
FCI MCKEAN
PO BOX 8000
BRADFORD, PA 16701